HENRY KEMP, Appellee, v. C. B. SMITH *et al.*, Appellants.

**Partnership:** DISSOLUTION: ACCOUNTING.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

THURSDAY, MAY 11, 1893.

ACTION in equity for an accounting and settlement of a copartnership, and for judgment on a bond given by the defendant Smith, with defendants H. S. Payn and J. H. Hoffman as his sureties, to the plaintiff, to secure the performance of certain stipulations in the contract of copartnership. Judgment was entered in favor of the plaintiff for six hundred and thirty-five dollars. The defendants appeal.—*Affirmed.*

*T. M. Zink,* for appellants.

*P. Farrell* and *Argo, McDuffie & Reichmann,* for appellee.

GIVEN, J.—I. The plaintiff and defendant Smith entered into a written agreement of copartnership in the real estate, loan, and insurance business, which agreement contains the following: "The said copartnership to commence on the seventeenth day of September, 1888, and to continue until the seventeenth day of September, 1889, at which time the said Henry B. Kemp may withdraw from the said firm and copartnership, if he so elect, upon the following terms and conditions, to wit: He shall give the said Smith thirty days' notice of such intention to withdraw from the said firm; and, if he shall elect to withdraw from said firm at the said time, the said C. B. Smith is to pay him the sum of one thousand dollars, the sum paid by Henry B. Kemp to said C. B. Smith for an undivided one-half interest in his real estate, loan, and insurance business in Le Mars, Iowa, according to the terms and conditions of his certain bond, bearing even date herewith, and upon the compliance with the terms and conditions of these articles of copartnership on Kemp's part to be performed." At the same time the defendants executed the bond sued upon to the plaintiff, conditioned for the payment of said one thousand dollars, according to the terms of the written agreement. On September 21, 1888, the plaintiff and defendant Smith made a further agreement in writing, to the effect that, if the plaintiff did not withdraw from the partnership at the expiration of one year, he was to become an equal owner of the office furniture, fixtures, and appliances, in consideration of the amount paid by him for an undivided interest in said business. On the eighteenth day of August, 1889, the plaintiff addressed and mailed to the defendant Smith the following: "C. B. Smith—Dear Sir: I hereby give you notice that I am going to withdraw from the copartnership at the expiration of our contract, September 17, 1889. This being the thirtieth day, I take this means of giving you notice, as you are gone in the country, and I will be out to-morrow afternoon. Yours respy., Henry B. Kemp." The defendant Smith admits in his answer that he received this notice through the mail on the eighteenth day of August, 1889.

There is no question but that the defendant Smith had thirty days' actual notice, as provided in the agreement of copartnership, on September 17, 1889. The appellants contend that, as August 18, 1889, was Sunday, the notice is void. It is a sufficient answer to this claim that the defendants do not plead such a defense. They admit the receipt of the notice, and join no issue with respect to it.

They further claim that the plaintiff waived all rights under this notice, by continuing to transact business and hold himself out as a partner after September 17, 1889. There is some conflict in the evidence on this subject, but the preponderance is in favor of the conclusion that the partners understood the partnership as ending September 17, and what plaintiff did thereafter was in closing up the affairs of the partnership.

II. The partnership having been thus terminated September 17, 1889, the plaintiff is entitled to recover the one thousand dollars secured by the bond, if he has complied with the terms and conditions of the

articles of copartnership on his part. It was provided in the articles that each partner should give his entire time, utmost skill, and best endeavors to the business of the firm. The appellants insist that the appellee did not comply with this part of the contract, for that he only earned about twenty-five dollars during the year. The evidence does not sustain this claim, but, on the contrary, shows that the plaintiff devoted all his time to the business, and did all that was required of him.

The articles also required each partner to enter in the firm books all money received by him. The appellants claim that the appellee failed to charge himself with three small drafts aggregating twenty-four dollars and ninety cents, and with commissions received from his father for loaning money for him. The drafts were evidently the property of the firm, and it is reasonably certain that the plaintiff received the money on them, as he indorsed them. There is no evidence that he omitted to charge himself with them with any fraudulent intent. He had indorsed the drafts, two of which were paid but a short time before the termination of the partnership. It would be unjust to say that, because of this omission, the plaintiff should forfeit his rights under the bond.

During the partnership the plaintiff negotiated several loans for his father. Some of this business was transacted at the office of the firm, and was aided, to some extent, by the defendant Smith. The plaintiff failed to charge any commissions as due from or paid by his father, and it is contended that, for this reason, he is not entitled to recover on the bond. It fairly appears that, at the time, it was understood that this was not the business of the firm, but of the plaintiff and his father. We think the plaintiff fully and fairly performed his part of the articles of copartnership, and that he is entitled to be allowed the one thousand dollars on his bond.

III. The articles of copartnership contain this further provision: "It is further agreed that, if the said Henry B. Kemp withdraws from the firm and copartnership at the time above stated, he shall forfeit and pay to the said C. B. Smith a sum equal to the amount of what his undivided one-half share of the earnings of the copartnership business was during the year previous to such withdrawal, not to exceed the sum of one thousand dollars, however; time to be the essence of this contract." An agreed stipulation of facts is in evidence, from which it appears that the whole earnings were one thousand, six hundred and seventy dollars and forty-two cents; expenses, eight hundred and fifty-three dollars and sixty-two cents,—leaving eight hundred and thirty-six dollars and eighty cents; and that the plaintiff drew out five hundred and ninety-one dollars and thirty-three cents. The plaintiff's undivided one-half share of the earnings is one-half of the net earnings, and not of the gross, as claimed by the appellants. His share of the net earnings being less than one thousand dollars, he is entitled to recover the difference on the bond, with interest. This being the amount found by the district court, the judgment is AFFIRMED.